UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **JANINE BRIGNOLA** § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO. _____ |
| **V.** § | |
| § | |
| **UNITED STATES OF AMERICA and** § | |
| **CLAUDIO ARMIJO** § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Janine Brignola files this Original Complaint against Defendants United States of America and Claudio Armijo and for cause of action shows unto the Court as follows:

### I. PARTIES AND SERVICE

1. Plaintiff, JANINE BRIGNOLA, is an Individual who resides in Wake County, North Carolina.

2. Defendant UNITED STATES OF AMERICA, hereinafter "Defendant USA" is liable for the actions of the U.S. Customs and Border Protection and their employee, Claudio Armijo, and may be served by serving the United States Attorney for the Southern District of Texas, by sending a copy of the summons and complaint by registered or certified mail to the United States Attorney General of the United States.

3. Defendant, CLAUDIO ARMIJO, an employee of the United States of America sued in his individual capacity, may be served by serving the United States through delivering a copy of the summons and complaint to the United States Attorney for the Southern District of Texas, by sending a copy of the summons and complaint by registered or certified mail to the United States Attorney General of the United States; and by serving defendant pursuant to Rules 99 and 106 of the Texas Rules of Civil Procedure by serving defendant at his home of record and

1

current duty station according to the records of the U.S. Customs and Border Protection; and/or by serving defendant at his home address: 2022 E. 29th St., Mission, Texas 78574.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1346(b) because the suit involves a claim against the United States for property damage and personal injury caused by the negligent acts and omissions of a government employee while acting within the scope of his official employment. Specifically, this incident was caused by the negligence of Claudio Armijo, a U.S. Customs and Border Protection officer while he was operating a U.S. Customs and Border Patrol vehicle.

5. The Court has supplemental jurisdiction over the claims asserted against Defendant Claudio Armijo under 28 U.S.C. §1367(a) because the claims against said defendant are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

6. Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## III. CONDITIONS PRECEDENT

7. Plaintiff timely presented this claim in writing to the United States of America and U.S. Customs and Border Protection agency. Further, the U.S. Customs and Border Protection failed to make a final disposition of the claim within six months after it was presented.

## IV. FACTS

8. On April 10, 2021, around 2:30pm, Plaintiff Janine Brignola was a passenger in a United States government vehicle, specifically, the 2014 Nissan Maxima (VIN 1N4AA5AP8EC485185) being operated by Defendant Claudio Armijo. On said date, Mr.

Armijo was traveling east on U.S. Bus. 83 in Rio Grande City, Starr County, Texas when he failed to control his speed and failed to keep a proper look out and violently struck another vehicle that was making a turn onto U.S. Bus. 83 from FM 1430. As a result of this collision, Ms. Brignola sustained severe personal injuries.

9. At all times relevant, Defendant Claudio Armijo was driving the governmental agency vehicle and operating as a governmental agent within the course and scope of his employment with the U.S. Customs Border Patrol Agency.

10. Defendant Armijo's conduct proximately caused Plaintiff's injuries and damages.

## V. COUNT 1 – FEDERAL TORT CLAIMS ACT

11. At the time of the incident, Claudio Armijo was an employee of the U.S. Customs and Border Protection of the United States of America and was acting in the course and scope of his employment and had a duty to exercise ordinary care and operate the motor vehicle in a reasonable and prudent manner. Armijo failed in this regard by colliding into another motor vehicle while Plaintiff was a passenger in his vehicle.

12. Under the laws of the State of Texas, a private person would be liable to Plaintiff for this negligent act. Under 28 U.S.C. § 2674, the United States is liable to Plaintiff for her damages and personal injuries.

## VI. DAMAGES FOR PLAINTIFF JANINE BRIGNOLA

13. Plaintiff Janine Brignola was a passenger in a United States government vehicle (2014 Nissan Maxima VIN 1N4AA5AP8EC485185) being operated by Claudio Armijo. Ms. Brignola suffered lacerations and bruising on her face, arms, hands, knees, shins, thighs, ankles, left ear, and torso. She sustained injuries to her neck, upper back, lower back, mid-back, arms,

hands, legs, knees, ankles, feet, left-shoulder, left-elbow, as well as injury to her head. Ms. Brignola required an anterior cervical discectomy and fusion surgery to her neck to relieve pressure on her spinal cord and nerves as well as to stabilize her spine due to the severity of the neck and upper back injuries she sustained from the crash. She also suffered headaches, dizziness, and fatigue due to the head injury sustained. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JANINE BRIGNOLA, was caused to suffer serious bodily, emotional, and financial injury, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, JANINE BRIGNOLA for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Loss of earnings in the past;

    H.    Loss of earning capacity which will, in all probability, be incurred in the future;

    I.    Disfigurement in the past;

    J.    Disfigurement in the future;

    K.    Mental anguish in the past;

    L.    Mental anguish in the future.

## VII. JURY DEMAND

14. In accordance with the Federal Rules of Civil Procedure Plaintiff demands a trial by jury, and request that this cause be set on the Court's jury docket. Plaintiff tenders the jury fee together with this complaint.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JANINE BRIGNOLA, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Dated: April 6, 2023                                Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
Tex. Bar No. 24079813
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
oochoa@omarochoalaw.com

*/s/ Leah Wise*
Leah Wise
Tex. Bar. No. 24100935
**LEAH WISE LAW FIRM**
600 Lindberg Ave
McAllen, TX 78501
Tel: (956) 226-4262
lw@leahwiselaw.com

*ATTORNEYS FOR PLAINTIFF*